IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES CONEY,

                Petitioner,                OPINION and ORDER

  v.

                                            19-cr-144-jdp

UNITED STATES OF AMERICA,               24-cv-669-jdp

                Respondent.

---

Petitioner James Coney, proceeding without counsel, seeks relief under 28 U.S.C. § 2255 following his convictions for multiple counts relating to the sex-trafficking of minors. Coney brings one claim under *Strickland v. Washington*, 466 U.S. 668 (1984), contending that trial counsel Robert T. Ruth provided ineffective assistance by failing to provide Coney with discovery in a timely manner. The government contends that Coney cannot show deficient performance or prejudice on his *Strickland* claim. Dkt. 5. Coney did not reply. I agree with the government that Coney's *Strickland* claim is meritless, so I will deny the petition and close the case.

BACKGROUND

In a superseding indictment, the government charged Coney with: (1) four counts of sex-trafficking a minor, 18 U.S.C. § 1591(a)(1), (b)(2), & (c); (2) four counts of transporting a minor to engage in criminal sexual activity, 18 U.S.C. § 2423(a); (3) one count of sex-trafficking a minor accomplished by force, fraud, or coercion, 18 U.S.C. § 1591(a)(1), (b)(1), & (c); and (4) one count of attempting to sex-traffic a minor, 18 U.S.C. § 1591(a)(1),

(b)(2), (c), 18 U.S.C. § 1594(a). Dkt. 36 (references to the criminal case are to the docket in case no. 19-cr-144); *see also United States v. Coney*, 76 F.4th 602, 606 (7th Cir. 2023).

The litigation of the case was protracted. I focus here on events related to Coney's review of the discovery materials, which was complicated by Coney's misconduct.

In December 2019, the court issued a protective order that limited Coney to reviewing, but not possessing, the government's discovery in electronic format or hard copies. Dkt. 40 at 1. The protective order also prohibited Coney from contacting any victims, directly or indirectly. *Id.* at 2. The government began providing discovery to Coney's then-attorney, Gregory Dutch. The government says, and Coney doesn't dispute, that Dutch received over 16,000 pages of discovery between December 2019 and April 2020. Dkt. 5 at 3.

In April 2020, Dutch moved the court to modify the protective order to allow Coney to keep hard copies of discovery in his cell at the Sauk County Jail. Dkt. 51. The court denied the motion. Dkt. 55. The court found that Coney "willfully and repeatedly flouted" the protective order by making 121 calls to a minor victim and by keeping paper copies of discovery in his cell. *Id.*; *see also* Dkt. 52 at 3–4. The court limited Coney to reviewing electronic discovery. Dkt. 55. Coney asked, and was allowed to, review electronic discovery three times in May 2020. *See* Dkt. 124-1.

In May 2020, Dutch moved to withdraw at Coney's request and was replaced by Murali Jasti. Dkt. 60 and Dkt. 61. Jasti withdrew the next month due to a conflict of interest. Dkt. 63. Before he withdrew, Jasti informed the court that the jail had suspended Coney's access to electronic discovery because it contained nude images of adults, in violation of jail rules. *See* Dkt. 157 at 2.

Ruth was appointed in early July 2020, and the court scheduled trial for February 22, 2021. Dkt. 66 and Dkt. 68. Ruth received copies of discovery from the government in late July 2020. Dkt. 67. In early September 2020, the court temporarily suspended Coney's telephone and visitation privileges because he had: (1) called a second minor victim approximately 110 times in July 2020; and (2) recently contacted a third minor victim. *See* Dkt. 72; Dkt. 77; Dkt. 99. (The court later made that suspension permanent.)

In September 2020, jail staff sent Coney's electronic discovery to Ruth, explaining that staff would not let Coney review the discovery because it contained nude images. Dkt. 154 at 2. Ruth asked the government to provide copies without nude images. *Id.* After some discussion, the government declined to provide the redacted discovery because it did not want to decide what should be included or excluded. *Id.*

From mid-September to mid-October 2020, Ruth was busy with labor-intensive litigation tasks, including: (1) participating in a hearing on the government's second motion for a protective order; (2) filing a brief in opposition to that motion; and (3) filing four motions challenging the government's evidence and case. Dkt. 82; Dkt. 87; Dkts. 91–94.

In mid-January 2021, Ruth removed nude images from electronic discovery and sent the redacted discovery to jail staff. Dkt. 154 at 2–3. Coney spent eight-and-a-half hours reviewing electronic discovery between late January and early February 2021. *See* Dkt. 124-1.

Around that time, the court modified the protective order to allow Coney to possess hard copies of the government's discovery. Dkt. 123. Ruth immediately provided Coney with 1,000 pages of the discovery that he thought was most important for Coney to review. Dkt. 283 at 6. Coney finished reviewing these documents by February 14, 2021. Dkt. 154 at 4–5.

3

Two days later, Ruth moved to continue the trial, contending that Coney needed more time to review discovery and help prepare his defense. The court denied this motion, finding that Coney was able to review the discovery that "really matter[ed]" and still had time to prepare for trial, which it postponed by a day. Dkt. 201 at 16, 23. Ruth disagreed with the ruling but said that Ruth would be prepared to defend Coney based on Ruth's review of the discovery. *Id.* at 19.

The jury found Coney guilty on each count of the superseding indictment. *See Coney*, 76 F.4th at 606. Coney was sentenced to 330 months in prison on each count to run concurrently, followed by 25 years of supervised release on each count, also to run concurrently. *Id.*

Coney appealed. The court of appeals affirmed his convictions. *Id.* at 604.

ANALYSIS

Claims of ineffective assistance of counsel are governed by the two-part test in *Strickland*. To establish that Ruth provided ineffective assistance, Coney must show that Ruth's performance was deficient and that the deficient performance prejudiced Coney's defense. 466 U.S. at 687. To prove deficient performance, Coney must show that Ruth's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. I must "indulge a strong presumption that [Ruth's] conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, Coney must show "a reasonable probability that, but for [Ruth's] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

4

Conclusory claims of ineffective assistance are not enough to meet the *Strickland* standard. *See id.* at 690 ("[A] claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("[C]onclusory allegations do not satisfy *Strickland*'s prejudice component."). Likewise, petitions under § 2255 "must meet heightened pleading requirements." *Shanks v. United States*, No. 21-cv-1166, 2022 WL 16552876, at *2 (E.D. Wis. Oct. 31, 2022) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)); *see also Burkhart v. United States*, 27 F.4th 1289, 1299 (7th Cir. 2022) (district court may deny evidentiary hearing if petitioner "makes conclusory or speculative allegations rather than specific factual allegations"); *United States v. Trumblay*, 234 F.2d 273, 275 (1956) (In a petition to vacate, the petitioner "must set forth facts and not merely conclusions.").

Coney faults Ruth for not providing him with discovery until January 2021, and for not providing him with the rest of the "21,000 . . . items that constituted the final discovery." Dkt. 1 at 4. Coney has not alleged specific facts sufficient to overcome the strong presumption that Ruth's performance was reasonable. Ruth's performance must be evaluated "in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Ruth wasn't appointed until July 2020. By that time, the jail had suspended Coney's access to electronic discovery because it contained nude images. The government says, and Coney doesn't dispute, that the jail didn't inform Ruth that it had suspended Coney's access to the electronic discovery until September 2020. Ruth asked the government to redact the nude images but, after some discussion, the government declined to assume that responsibility. Around that time, Coney was busy with other important litigation tasks.

5

Despite these obstacles, in January 2021, Ruth removed the nude images from the electronic discovery and sent the redacted version to the jail. The redaction process was time-consuming because there were thousands of pages of discovery. Coney spent hours reviewing that discovery. The next month, Ruth convinced the court to allow Coney to keep hard copies of the government's discovery and immediately provided Coney with 1,000 pages of discovery that Ruth deemed the most important. Coney finished reviewing those documents before trial. Coney faults Ruth for not providing him with more documents. I reviewed many documents in the course of trial and post-trial briefing; the discovery was massive and highly redundant. Coney hasn't explained how Ruth's judgment about which documents to prioritize was unreasonable.

Ruth made additional efforts to ensure that Coney could review discovery; he sought a continuance for that purpose. The court denied that motion, based on a finding that Coney was able to review the discovery that mattered most and still had time to prepare for trial.

Coney argues that Ruth's performance was deficient because Ruth admitted that he "dropped the ball" on the discovery issue by not ensuring that Coney could review it in a more timely manner. *See* Dkt. 159 at 1–2. Ruth's negative assessment of his own performance is not dispositive because his performance is evaluated for objective reasonableness under *Strickland*. As I've explained, Ruth faced obstacles to ensuring that Coney had access to discovery, which included a long pattern of inappropriate behavior by Coney. Coney's own conduct restricted his access to the discovery and forced Ruth to spend time litigating Coney's violations of the protective order.

The record as a whole shows that Ruth made reasonable efforts in light of the circumstances that he faced to ensure that Coney could review discovery and participate in his

6

defense. Coney's petition is based only on generalities; he hasn't shown specific facts that would support a finding that Ruth's efforts fell outside the wide range of reasonable professional assistance. The court saw counsel's performance first-hand: Ruth provided Coney with skilled and energetic representation.

Even if Ruth's performance had been deficient, Coney hasn't shown that the failure to ensure that he had greater access to discovery prejudiced Coney's defense for the reasons in the government's response. *See* Dkt. 5 at 13–15; *see also Coney*, 76 F.4th at 608–10. I agree that evidence of Coney's guilt was overwhelming. Coney hasn't even hinted how a more thorough review of the discovery would have helped his case.

CONCLUSION

I will deny Coney's petition because his *Strickland* claim lacks merit. I will not hold an evidentiary hearing because the "[petition] and the files and records of the case conclusively show that [Coney] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (evidentiary hearing not appropriate where, as here, the petition fails to provide "a detailed and specific affidavit which shows that the petition had actual proof of the allegations going beyond mere unsupported assertions").

Because Coney seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Coney makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Coney must "demonstrate that reasonable jurists would find [my] assessment of [his claim of ineffective assistance] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Coney hasn't made this showing, so I will deny a

7

certificate of appealability. Coney may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner James Coney's petition, Dkt. 1, is DENIED.

2. A certificate of appealability is DENIED.

3. The clerk is directed to enter judgment and close the case.

Entered August 15, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge